UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| U.S. PROPERTY SOLUTIONS, L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 4:09-CV-260 |
| | § | |
| CHUBB CUSTOM INSURANCE | § | |
| COMPANY and DARRELL BAILEY, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Before the Court are Plaintiff's Motion to Remand (Doc. No. 9) and Defendants' Motion to Compel Mediation (Doc. No. 10). After considering the parties' filings, all responses and replies thereto, and the applicable law, the Court finds that Plaintiff's Motion should be granted and Defendants' Motion should denied as moot.

### I. BACKGROUND

This dispute arises out of Plaintiff's insurance claim for commercial property that was damaged by Hurricane Ike. Plaintiff filed the case in state court, alleging causes of action against both Defendant Chubb Custom Insurance Company ("Chubb") and Defendant Darrell Bailey, who acted as the adjuster for Plaintiff's insurance claim. Chubb removed the case, and Plaintiff filed its Motion to Remand, alleging that this Court lacks subject matter jurisdiction over the case because the parties are not completely diverse. Plaintiff has not yet served Defendant Bailey.

### II. FRAUDULENT JOINDER

The remand statute, 28 U.S.C. § 1441(a), provides:

1

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

If federal jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, an action is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action is brought." 28 U.S.C. § 1441(b). A case may be removed despite the presence of a resident defendant in the state court suit if the removing defendant shows that the resident defendant was fraudulently or improperly joined.

To establish that a non-diverse defendant has been improperly joined in order to defeat diversity jurisdiction, the removing party must prove "(1) actual fraud in the pleading of jurisdiction facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Rico v. Flores*, 481 F.3d 234, 238-239 (5th Cir. 2007) (quoting *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). Chubb does not dispute that Bailey is a Texas resident; the only issue, therefore, is whether Plaintiff can establish a cause of action against Bailey in state court. The Fifth Circuit test is to evaluate "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* The district court must resolve any contested issues of material fact, and any ambiguity or uncertainty in the controlling state law, in the plaintiff's favor. *Rico*, 481 F.3d at 239 (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)).

Plaintiff's Complaint, which refers to Chubb and Bailey collectively as "Defendants," alleges that Defendants violated multiple provisions of the Texas Unfair Competition and Unfair Practice Act, codified as section 541.060 of the Texas Insurance Code. Specifically, Plaintiff pleads that Defendants misrepresented material facts relating to the coverage at issue, failed to attempt in good faith to settle the claims, failed to provide Plaintiff with a reasonable explanation for its offer of settlement, refused to pay Plaintiff's claim without investigation, and failed to affirm or deny Plaintiff's claim within a reasonable time. (Pl. Compl. ¶¶ 32-36.) Furthermore, Plaintiff alleges that Defendants violated their common law duty of good faith and fair dealing. (Pl. Compl. ¶¶ 40-41.) Plaintiff also alleges separate causes of action against Chubb for breach of the insurance contract. (Pl. Compl. ¶ 28-29.) Plaintiff requests actual damages, plus fees, as well as exemplary damages in the amount of three times the actual damages. (Pl. Compl. ¶ 46.)

Chubb argues that Plaintiff's alleged causes of action against Bailey fail because, as an independent adjuster, Bailey is not liable to Plaintiff absent a contractual relationship. In support of its position, Chubb cites *Crocker v. American National General Insurance Company*, which held that an independent adjusting firm hired exclusively by an insurance carrier has no relationship with, and therefore no duty to, an insured. 211 S.W.3d 928, 938 (Tex. App.—Dallas 2007, no pet.) (citing *Dear v. Scottsdale Ins. Co.*, 947 S.W.2d 908, 917 (Tex. App.—Dallas 1997, writ denied)). Both *Crocker* and *Dear* are based on the Texas Supreme Court's decision in *Natividad v. Alexsis, Inc.*, which held that, without a contractual relationship, an adjuster or agent does

not owe the insured a common law duty of good faith and fair dealing. 875 S.W.2d 695, 697-698 (Tex. 1994).

The Fifth Circuit recently held that *Natividad* does not extend to claims against adjusters brought pursuant to section 541.060. *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278 (5th Cir. 2007).[1] The court explained that Texas law clearly authorizes section 541.060 actions against insurance adjusters in their individual capacities. It then cited *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, in which the Texas Supreme Court held that an insurer's employee who engages in the business of insurance may be held individually liable for violations of sect. 541.060. *Id.* (quoting 966 S.W.2d 482 (Tex. 1998)). The Fifth Circuit then concluded that claims adjusters who service insurance policies are engaged in the business of insurance are potentially liable under section 541.060. While Plaintiff's common law good faith and fair dealing claim is foreclosed by *Natividad*, Chubb has not demonstrated "the inability of Plaintiff to establish a cause of action against the non-diverse party in state court." *Rico*, 481 F.3d at 238-239. The Court finds that there is "a reasonable basis to predict" that Plaintiff will be able to recover against Baily in state court based on the section 541.060 claims. *Id.*

In addition to identifying a cause of action recognizable under state law, the petition must allege facts that support the cause of action. *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006). The court initially conducts a 12(b)(6) type analysis, determining whether the complaint pleads sufficient facts to state a claim against the non-diverse defendant. When the plaintiff has stated a claim but has misstated or omitted discrete facts, the court may, in its discretion, pierce the pleadings

---

[1] *Gasch* refers to Article 21.21 instead of section 541.060. In 2005, Article 21.21 was repealed and recodified as section 541.060, although the legal standard did not change. *Gasch*, 491 F.3d at 280 n. 2.

4

and conduct a summary judgment type inquiry. *Id.* (citing *Smallwood*, 385 F.3d at 573.) Plaintiff has alleged that Defendants, including Bailey, committed certain acts which violated section 541.060. The Complaint specified that Plaintiff alleges a breach of contract against Chubb instead of the collective Defendants. Since the Complaint does not omit any relevant facts, and since Defendants have not attached any summary judgment type evidence to their Response,[2] the Court does not find it necessary to pierce the pleadings and to request extrinsic evidence.

### III.  CONCLUSION

Plaintiff's Motion to Remand is **GRANTED**. Defendant Chubb's Motion to Compel Mediation is **DENIED AS MOOT**. The case is hereby **REMANDED** to the 295th Judicial District Court of Harris County, Texas.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 23rd day of April, 2009.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.

---

[2] In response to Plaintiff's argument about the amount in controversy, Chubb attaches a demand letter Bailey received from Plaintiff dated December 23, 2008. This letter actually weakens Chubb's fraudulent joinder argument because it informs Bailey that Plaintiff considers him individually liable under section 541.060. (Doc. No. 11, Ex. B.)